THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN CARLOS CARRERO, A980-346-49   *
                Petitioner,
    v.                                * CIVIL ACTION NO. RDB-07-75
                                                 RDB-07-225
STATE OF MARYLAND               *
                Respondent.
                                        ***

**MEMORANDUM OPINION**

On January 9 and January 24, 2007, the Court received copies of "Petitions for Coram Nobis Relief" presented by Juan Carlos Carrero ("Carrero"), who is apparently detained in Department of Homeland Security ("DHS") custody at the Wicomico County Detention Center in Salisbury, Maryland.[1] Carrero alleges that he filed the petition in the Circuit Court for Montgomery County, Maryland, but he is "not sure whether they have the jurisdiction to hear my claims...."

Carrero's petition seeks to vacate his guilty plea, conviction and sentence imposed in the Circuit Court for Montgomery County for theft under $500.00 and conspiracy to commit second degree burglary. He alleges that his guilty plea was entered involuntarily upon "misadvise" from his defense counsel regarding the definition of conspiracy and that Circuit Court Judge S. Michael Pincus did not conduct a proper plea colloquy. Carrero further claims that neither the State nor Judge Pincus allowed him to withdraw his plea and Judge Pincus did not impose the sentence agreed to by the State and defense, thus subjecting him to adverse collateral consequences, to wit, DHS

---

[1] The Petitions were opened as two separate cases and have been construed as filed under the "All Writs Act," 28 U.S.C. § 1651.

charges of removability.[2] He maintains that defense counsel failed to file a motion to reconsider the sentence.

Carrero claims that since he is no longer incarcerated under the offenses and is not on probation, neither post-conviction nor habeas corpus relief is available to him. He alleges that *coram nobis* relief is appropriate because he is facing severe consequences flowing from his convictions and the issues raised were not previously presented.

"*Coram nobis* is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), *coram nobis* is still available to challenge a criminal conviction where "circumstances compel such an action to achieve justice."[3] *United States v. Morgan*, 346 U. S. 502, 511 (1954).

Federal courts, however, lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of *coram nobis*. This Circuit Court of Appeals, as well as the Second, Third, Fifth, Seventh, Eighth, and Tenth Circuits, have addressed this question and have ruled that the district courts lack jurisdiction to issue writs of *coram nobis* to set aside judgments of state courts. *See Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (district courts lack subject matter

---

[2] Carrero alleges that the State agreed to a sentence of 364 days in return for the guilty plea to the counts of theft and conspiracy. He states that he entered his guilty plea on March 4, 2004, and Judge Pincus subsequently sentenced him to a term of 3 years, with all but 364 days suspended.

[3] To obtain *coram nobis* relief, a petitioner must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for [the] failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by the granting of the writ." *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2001) (citations omitted).

jurisdiction over writs of *coram nobis* to set aside judgments of state courts); *Obado v. New Jersey,* 328 F.3d 716, 718 (3rd Cir. 2003) ( *coram nobis* is not available in a federal court as a means of attack on a state criminal judgment); *Rivenburgh v. Utah,* 299 F.2d 842, 843 (10th Cir. 1962) ("use of the writ is limited by tradition and rule....and cannot be used as a.....collateral writ of error between state and federal jurisdictions"); *Sinclair v. Louisiana,* 679 F.2d 513, 514 (5th Cir. 1982) (the writ of error coram nobis is not available in federal court to attack state criminal judgments); *Booker v. Arkansas,* 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ....is available, if at all, only in the court which rendered the judgment under attack."); *Thomas v. Cunningham,* 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis....cannot issue under the instant proceeding....for the judgments are not in the court which Thomas has petitioned.");[4] *Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.").

Federal *coram nobis* relief is thus not available to attack Carrero's Montgomery County convictions. He is not without remedy as he may file a petition for writ of error *coram nobis* in the Maryland courts. *See generally Skok v. State*, 361 Md. 52 (Md. 2000);[5] *State v. Hicks*, 139 Md. App.

---

[4] *See also In re West*, 3 Fed. Appx. 135 (4th Cir. 2001).

[5] In *Skok,* the Court of Appeals of Maryland delineated only five qualifications to *coram nobis* relief. These qualifications are: (1) the grounds for challenging criminal conviction must be of a constitutional, jurisdictional, or fundamental character; (2) the presumption of regularity attaches to criminal case, and burden of proof is on the *coram nobis* petitioner; (3) the *coram nobis* petitioner must be suffering or facing significant collateral consequences from conviction; (4) the basic principles of waiver are applicable to issues raised in *coram nobis* proceedings; and (5) one is not entitled to challenge a criminal conviction by a *coram nobis* proceeding if another statutory or common law remedy is then available. *See Skok*, 361 Md. at 78-80.

1 (Md. App. 2001). Accordingly, a separate Order will be entered dismissing the Petitions without requiring a response from Respondent.

Date:   January 29, 2007                          /s/
                                                                    RICHARD D. BENNETT
                                                                    UNITED STATES DISTRICT JUDGE